IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TEAMSERS LOCAL UNION 667                                         PLAINTIFF

v.                             CIVIL ACTION NO: 4:14-cv-00038-NBB-JMV

COAHOMA OPPORTUNITIES, INC.                                     DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion for summary judgment. Upon due consideration of the motion, its responses, and precedent, the court is ready to rule.

Plaintiff Teamsters Local Union 667 ("Union") and defendant Coahoma Opportunities, Inc. ("Coahoma") were parties to a collective bargaining agreement ("CBA") from December 2010 to December 2013. The CBA governed the interest of the employer Coahoma, and its employees, the Union members.

In May of 2011, Coahoma terminated a Union member, Ms. Sandra Jones. Jones filed a grievance contesting her termination, in accord with the CBA. Coahoma refused to arbitrate the grievance, as the CBA requires. The Union filed suit to compel arbitration in this court.[1] The court ordered the parties to arbitrate in July of 2013.[2] The parties did so, and the arbitrator found for the Union, ordering reinstatement of Ms. Jones with back pay from the date of termination. To date, Coahoma has not complied with the arbitrator's opinion and award.

The Union has again filed suit in this court. The summary judgment motion before this court requests enforcement of the arbitrator's opinion and award. This court, once more, has proper jurisdiction based on 29 U.S.C.A § 185(a):

---

[1] *Teamsters Local Union 667 v. Coahoma Opportunities, Inc.*, No: 2:12-cv-000158-SA-JMV (N.D. Miss. Aug. 8, 2012).
[2] *Id*.

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

<u>Standard</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties agree the facts in this case are not contested. The record consists of the arbitrator's opinion, the CBA, the court's previous opinion of July 2013, and the parties' various motions. The motions are ripe. Summary judgment is appropriate.

When an "arbitration decision arises from the terms of a CBA, judicial review is narrowly limited. Courts should afford great deference to arbitral awards." *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 944 (5th Cir. 2005); *see, e.g., Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 494 (5th Cir.2003). "[A] court must affirm an arbitral award 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority. . . .'" *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "Courts likewise should not overrule the arbitrator's decision simply because they might interpret the contract differently." *Int'l Chem. Workers Union*, 331 F.3d at 495. "As long as the arbitrator's decision 'draws its essence from the collective bargaining agreement' and the arbitrator is not fashioning 'his own brand of industrial justice,' the award cannot be set aside." *Weber Aircraft Inc. v. Gen. Warehousemen & Helpers Union Local 767,* 253 F.3d 821, 824 (5th Cir. 2001) (citing *Misco*, 484 U.S. at 38).

Analysis

As discussed in its briefs, Coahoma accepts the dispute was arbitrable and recognizes this court's limited authority to vacate the arbitrator's award. Coahoma argues however, the arbitrator's award does not draw its "essence" from the CBA and should therefore be set aside. Specifically, Coahoma contends the arbitrator's award of back pay to Jones from the date of termination does not draw from the "essence" of the CBA. In light of the deference afforded arbitral decisions and this court's limited authority to review the arbitrator's interpretation of the CBA, Coahoma's argument must fail.

The CBA's terms regarding back pay in the event of wrongful termination limit "[b]ack pay [to no more] than a three (3) month period." The arbitrator's award of full back pay from the date of termination to the date of the arbitration award well exceeds this three month limitation. In finding for full back pay, the arbitrator applied the CBA provision governing the scope of his authority to grant relief. This term states: "[t]he **only relief** the arbitrator may award is to place the party back in to the position he or she would have been but for the contractual violation." (emphasis added). The arbitrator reasoned Ms. Jones was due complete salary from termination, as to place her in the position she would have been, but for Coahoma's violation of the CBA.

The arbitrator further supported his position by finding Coahoma approached the grievance procedure lacking good faith, by "purposefully orchestrat[ing] an inordinate delay in proceedings. . . ." He found, because of Coahoma's willful delay, adherence to the three month back pay limitation would result in an unjust forfeiture for the grievant, Ms. Jones.

The question before this court is whether the arbitrator's award of back pay to the date of termination drew its "essence" from the CBA. As stated before, judicial review of an arbitration

award arising from the terms of a collective bargaining agreement is narrowly limited. *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 944 (5th Cir. 2005). Reviewing courts should award great deference to arbitral awards. *Int'l Chem. Workers Union v. Columbia Chems. Co*. 331 F.3d 491, 494 (5th Cir. 2003). "It is the province of the arbitrator to interpret contractual provisions and a reviewing court may not substitute its interpretation for that of the arbitrator." *Albemarle Corp. v. United Steel Workers ex rel. AOWU Local 103*, 703 F.3d 821, 827 (5th Cir. 2013). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco*, 484 U.S. at 38. When the CBA contemplates that the arbitrator shall determine the remedies for contract violations, "courts have no authority to disagree with his honest judgment in that respect." *Id*.

Herein, the arbitrator acted within the scope of his authority by granting full back pay to the grievant. The CBA referenced the authority granted an arbitrator when crafting a remedy for a contractual violation, stating, "the only relief the arbitrator may award is to place the party back in the place it would have been but for the contractual violation." A reward of full back pay from the date of termination does so. The arbitrator weighed the reward of full back pay against the three month limitation and determined the circumscribed award would unjustly enrich the violating party. The arbitrator's application of one conflicting provision over another does not place the arbitrator outside the scope of the authority granted to him by the CBA, and this court is without the authority to disagree with his interpretation and application of the CBA to the present grievance.

This court finds the arbitrator's award within the essence of the CBA because the award places the grievant "back in the place it would have been but for the contractual violation," a

direct application of the agreed upon provision governing the scope of authority given to an arbitrator under the present CBA. Further analysis weighing the arbitrator's finding of a lack of good faith by the defendant is unnecessary.

## Conclusion

Based on the foregoing reasons, the court finds the plaintiff's motion for summary judgment is well taken and should be granted. The arbitrator's award is to be enforced as written. Also pending before this court is defendant Coahoma's motion for sur-rebuttal, which is now moot. A separate order in accord with this opinion shall issue this day.

**SO ORDERED**, this, the 21st day of September, 2015.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U. S. DISTRICT JUDGE**